IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

NELSON WELLS                                                     PLAINTIFF

V.                                    CIVIL ACTION NO. 2:13-CV-256-KS-MTP

HEALTHCARE FINANCIAL SERVICES, LLC                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants in part and denies in part** Defendant's Motion to Strike [95] and **denies** Defendant's Motion for Summary Judgment [64].

## I. BACKGROUND

This case involves claims under the Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C. § 1692 *et seq.* Plaintiff alleges that Defendant called him at his place of employment several times after it knew or had reason to know that Plaintiff was not permitted to receive such calls, violating 15 U.S.C. §§ 1692c(a)(3) and 1692d. The Court now considers Defendant's Motion to Strike [95] and Motion for Summary Judgment [64].

## II. DISCUSSION

### A. *Motion to Strike [90]*

Plaintiff asserted two claims in the Complaint [1]. He claims that Defendant violated 15 U.S.C. §§ 1692c(a)(3) and 1692d by making collection calls to his workplace despite knowing or having reason to know that his employer prohibited such calls. According to the Complaint, Plaintiff's claims arise from phone calls on or around

August 8, 13, and 20, 2013, after Plaintiff had told Defendant on August 6 that he was not allowed to receive calls at work.

In his response [99] to Defendant's Motion for Summary Judgment, Plaintiff argued the same two claims, but he altered the factual basis for them. Plaintiff now claims that he instructed Defendant not to call him at work in early July 2013, and he claims that Defendant called him at work at least sixteen times between July 15 and August 26. Plaintiff also asserted for the first time that Defendant violated 15 U.S.C. § 1692d(6) by failing to meaningfully disclose its identity, and that Defendant violated 15 U.S.C. § 1692e by making false, deceptive, or misleading statements in connection with its attempt to collect a debt.

Defendant filed a Motion to Strike [95] the new claims. In response, Plaintiff contends that the claims are not new because they arise under the FDCPA, or alternatively that he should be permitted to amend his Complaint.

   1.    *15 U.S.C. § 1692e*

 Section 1692e prohibits the use of false, deceptive, or misleading representations or means in connection with the collection of a debt. 15 U.S.C. § 1692e. Plaintiff did not refer to Section 1962e or plead any facts related to it. Therefore, Plaintiff failed to plead a Section 1692e claim. "A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the Court." *Cutrera v. Bd. of Supervisors*, 429 F.3d 108, 113 (5th Cir. 2005).

Plaintiff suggests that he should be permitted to amend his Complaint, but the

2

amendment deadline expired on March 7, 2014. "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired." *S & W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). The rule provides that a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "It requires a party to show that the deadline cannot be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (punctuation omitted). "Four factors are relevant to good cause: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (punctuation omitted).

Plaintiff provided no explanation for his failure to timely seek leave to amend. Allowing Plaintiff to assert a Section 1962e claim at this point would prejudice Defendant, as it has not had an opportunity to conduct discovery on the claim. Although "a continuance could be granted for additional discovery, . . . [it] would unnecessarily delay the trial." *S & W. Enters.*, 315 F.3d at 537. Therefore, three of the four factors weigh against a finding of good cause. The Court denies Plaintiff's request to amend[1] and grants Defendant's Motion to Strike [95] as to Plaintiff's purported claim under 15 U.S.C. § 1692e. *See Smith v. EMC Corp.*, 393 F.3d 590, 598 (5th Cir.

---

[1]*Parker v. United States*, No. 5:12-CV-11-DCB-RHW, 2013 U.S. Dist. LEXIS 42349 (S.D. Miss. Mar. 26, 2013), is distinguishable. There, the plaintiff sought leave to amend at a "relatively early stage of the litigation." *Id.* at *15.

2004) (where defendant would have been prejudiced in defending against a new theory of recovery, district court correctly denied motion to amend); *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992) (affirming denial of leave to amend where amendment would have required reopening discovery months after it had concluded).

2.    *Section 1692d(6)*

Section 1692d prohibits debt collectors from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. The statute provides several examples of prohibited conduct, including "the placement of telephone calls without meaningful disclosure of the caller's identity." 15 U.S.C. § 1692d(6).

In the Complaint, Plaintiff alleged that Defendant violated Section 1692d by calling him after it knew or should have known that Plaintiff was not permitted to receive calls at work. Plaintiff did not allege that Defendant placed phone calls without meaningful disclosure of its identity, and Plaintiff did not refer to Subsection 1692d(6). Therefore, Plaintiff failed to plead a claim under Subsection 1692d(6), and any such claim "is not properly before the Court." *Cutrera*, 429 F.3d at 113.

Before Plaintiff may amend, he must meet Rule 16(b)'s "good cause" standard," *S & W Enters.*, 315 F.3d at 536, which requires analysis of the four factors discussed above. *Marathon*, 591 F.3d at 470. Once again, Plaintiff provided no explanation for his failure to timely seek leave to amend, and allowing an amendment would prejudice Defendant, as it has not had an opportunity to conduct discovery related to the claim. Although "a continuance could be granted for additional discovery, . . . [it] would

4

unnecessarily delay the trial." *S & W. Enters.*, 315 F.3d at 537. Therefore, three of the four factors weigh against a finding of good cause. The Court denies Plaintiff's request to amend and grants Defendant's Motion to Strike [95] as to Plaintiff's purported claim under 15 U.S.C. § 1692d(6).

### 3.     *Altered Factual Basis for Original Claims*

Finally, Plaintiff originally alleged that Defendant violated 15 U.S.C. §§ 1692c(a)(3), and 1692d by making collection calls to Plaintiff's workplace on or around August 8, 13, and 20, 2013, after Plaintiff had told Defendant in a phone call on August 6, 2013, that he was not permitted to receive calls at work. Plaintiff now contends that Defendant first contacted him in early July, and that he informed Defendant that he was not permitted to receive personal calls at work. Plaintiff also claims that Defendant called him at least sixteen times between July 15, 2013, and August 26, 2013.

Plaintiff has not altered the theory of liability underlying her claims. She still contends that Defendant violated 15 U.S.C. §§ 1692c(a)(3) and 1692d by placing collection calls to Plaintiff's workplace despite knowing or having reason to know that Plaintiff's employer prohibits such calls. All that has changed is the factual basis for the claim – the dates of the calls.

It is not uncommon for the facts surrounding a claim to evolve during the course of litigation. That is one difference between Rule 56 and Rule 12(b)(6): "Motions for summary judgment are designed to pierce the allegations in the pleadings, thereby permitting the court to determine whether a factual basis actually exists for the

petitioner's claims." *Save Our Cemeteries, Inc. v. Archdiocese of New Orleans, Inc.*, 568 F.2d 1074, 1077 (5th Cir. 1978). In other words, motions for summary judgment are decided on evidence, rather than limited to the allegations in the complaint. *Id.*; *see also Tuley v. Heyd*, 482 F.2d 590, 593 (5th Cir. 1973). The new facts supporting Plaintiff's claims do not constitute unpleaded claims or an attempted amendment. They are the same claims, albeit supported by additional facts.[2]

Even if the Court were to construe the new facts as unpleaded claims, it would allow Plaintiff to amend. On July 17, 2014, the Magistrate Judge ordered [75] Plaintiff to supplement his responses to discovery requests about the dates on which he communicated with Defendant. The Magistrate Judge also gave Defendant leave to depose Plaintiff out of time on or before August 1, 2014, and to supplement its motion for summary judgment on or before August 15, 2014.

Plaintiff provided supplemented discovery responses [76, 77, 78, 79, 80, 81] on July 21 and 23, 2014. Defendant responded with a Motion [82] seeking enforcement of the Magistrate Judge's previous order and a variety of sanctions, arguing that Plaintiff's discovery responses were still deficient. The Magistrate Judge granted the motion in part and denied it in part [92]. Specifically, he held:

The motion will be granted to the extent that Plaintiff will not be

---

[2]Of course, the Court's decision on this point has no bearing on what evidence Plaintiff may rely on to support his claims. The Magistrate Judge previously ruled that Plaintiff could only rely on evidence of the calls recorded by Defendant; the alleged call on July 7 or 8, 2013; and the alleged call in late August 2013. *See* Order, *Wells v. Healthcare Financial Services, LLC*, No. 2:13-CV-356-KS-MTP (S.D. Miss. Aug. 12, 2014), ECF No. 92 (citing FED. R. CIV. P. 37(b)(2)(A)(ii)).

permitted to present evidence of any calls from defendant unless those calls were disclosed in his interrogatory responses provided after the court's order [75] of July 17, 2014. Plaintiff has agreed that the calls recorded by defendant are accurate. He may rely on those recorded calls to support his claims as well as the "Conversation on July 7 or July 8, 2014" and the "Conversation in August 2013" as described in his supplemental responses to interrogatory no. 4. As he has not disclosed the details for any other calls, he may not present evidence of other calls or rely on any other calls to support his claims. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii).

Order, *Wells v. Healthcare Financial Services, LLC*, No. 2:13-CV-356-KS-MTP (S.D. Miss. Aug. 12, 2014), ECF No. 92.

If the Court were to construe Plaintiff's briefing as a motion to amend the complaint, it would apply Rule 16(b) and the four-factored "good cause" analysis explained above. *S & W Enters.,* 315 F.3d at 536; *Marathon*, 591 F.3d at 470. Although Plaintiff provided no explanation for his failure to plead the new facts, no prejudice accrues to Defendant because the Magistrate Judge allowed it to depose Plaintiff out of time once the facts were disclosed. The new facts are also important to Plaintiff's claim because they pertain to the question of whether Defendant knew or had reason to know that Plaintiff's employer prohibited collection calls. Therefore, even if the new facts supporting Plaintiffs' claims under 15 U.S.C. §§ 1692c(a)(3) and 1692d constitute unpleaded claims, amendment of the Complaint would be appropriate. *See Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 168 (5th Cir. 2010) (where defendant would have suffered little prejudice and amendment was important to plaintiff's case, amendment was appropriate); *Tex. Indigenous Council v. Simpkins*, 544 F. App'x 418, 421 (5th Cir. 2013) (where defendant would have suffered little prejudice and denying

7

leave to amend would have determined outcome of case, good cause existed to permit amendment).

      *4.    Conclusion*

For these reasons, the Court **grants** Defendant's Motion to Strike [95] with respect to any purported claims under 15 U.S.C. §§ 1692e or 1692d(6), but the Court **denies** it with respect to the new factual basis for Plaintiff's original claims under 15 U.S.C. §§ 1692c(a)(3) and 1692d.

## B.    *Motion for Summary Judgment [64]*

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue

for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

    1.    *Section 1692c(a)(3)*

The FDCPA provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of a debt . . . at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

15 U.S.C. § 1692c(a)(3). Plaintiff provided a sworn interrogatory response [90-8] in which he stated that on the afternoon of July 7 or 8, 2013, he told Defendant's representative that he was not allowed to receive personal phone calls at work. This is sufficient to create a genuine dispute of fact as to whether Defendant knew or had reason to know that Plaintiff's employer prohibited him from receiving collection calls. *See Horkey v. J.V.D.B. & Assocs.*, 333 F.3d 769, 773 (7th Cir. 2003) (plaintiff testified that she told collector "that she could not discuss her debt while at work," and defendant presented no evidence that her employer allowed such calls); *Cobb v. A&S Collection Assocs.*, No. 06-238-JJB, 2011 U.S. Dist. LEXIS 107002, at *9 (M.D. La. Sept. 21, 2011) (plaintiff testified that defendant continued to call him at his place of employment after being told not to do so).

Of course, Defendant disputes Plaintiff's testimony, citing its own agents' affidavits [64-1, 93-1, 93-2]. Defendant suggests that the Court ignore Plaintiff's sworn discovery responses because he provided no corroborating evidence. But the Court can not usurp the jury's role by making credibility determinations or weighing the

evidence, *Deville*, 567 F.3d at 164, and it "must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. Plaintiff's sworn discovery responses – however incredible or uncorroborated they may be – create a genuine dispute of fact regarding whether Defendant knew or had reason to know that Plaintiff's employer prohibits collection calls. Therefore, the Court denies Defendant's Motion for Summary Judgment [64] as to Plaintiff's claim under 15 U.S.C. § 1692c(a)(3).

   2.   *Section 1692d*

   Plaintiff contends that Defendant violated 15 U.S.C. § 1692d by calling him at work after it knew or had reason to know that Plaintiff's employer prohibited such calls. The FDCPA provides that debt collectors "may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. The Court reviews FDCPA claims under "an unsophisticated or least sophisticated consumer standard," assuming "that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *McMurray v. ProCollect, Inc.*, 687 F.3d 665, 669 (5th Cir. 2012).[3] The Court should consider whether the "likely effect of the debt collector's communication or conduct

---

   [3]*McMurray* addressed alleged violations of 15 U.S.C. § 1692g(a), which provides form notices that debt collectors must include in certain written communications. 687 F.3d at 668 (citing 15 U.S.C. § 1692g(a)). In the absence of a Fifth Circuit decision to the contrary, district courts have applied the "least sophisticated debtor" or "unsophisticated debtor" standard to claims under other sections of the FDCPA. *See, e.g. Karp v. Fin. Recovery Servs.*, No. A-12-CA-985-LY, 2013 U.S. Dist. LEXIS 177934, at *9-*11 (W.D. Tex. Dec. 18, 2013).

could be construed as harassment, oppression or abuse." *Lee v. Credit Mgmt.*, 846 F. Supp. 2d 716, 722 (S.D. Tex. 2011). "Ordinarily, whether conduct harasses, oppresses, or abuses will be a question for the jury." *Jeter v. Credit Bureau*, 760 F.2d 1168, 1179 (11th Cir. 1985).

Some district courts have held that a debt collector can violate Section 1692d by calling a debtor's place of employment after the debtor requests that such calls cease. *See Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1228 (E.D. Cal. 2010); *Pittman v. J.J. McIntyre Co.*, 969 F. Supp. 609, 612 (D. Nev. 1997); *McVey v. Bay Area Credit Serv.*, No. 4:10-CV-359-A, 2010 U.S. Dist. LEXIS 130923, at *5-*7 (N.D. Tex. July 26, 2010). Plaintiff presented evidence that Defendant called him at his workplace after being told that such calls were not allowed. Therefore, there exists a genuine dispute of material fact as to whether Defendant engaged in conduct "the natural consequence of which is to harass, oppress, or abuse . . . ." 15 U.S.C. § 1692d. The Court denies Defendant's Motion for Summary Judgment [64] as to Plaintiff's claim under 15 U.S.C. § 1692d. *Pittman*, 969 F. Supp. at 612 (where fact question existed re: violation of § 1692c(a)(3), fact question existed re: violation of § 1692d).

### III. CONCLUSION

For the reasons stated above, the Court **grants in part and denies in part** Defendant's Motion to Strike [95] and **denies** Defendant's Motion for Summary Judgment [64].

SO ORDERED AND ADJUDGED this 20th day of October, 2014.

*s/Keith Starrett*

11

UNITED STATES DISTRICT JUDGE