IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**NELSON WELLS**                                                        **PLAINTIFF**

**V.**                                    **CIVIL ACTION NO. 2:13-CV-256-KS-MTP**

**HEALTHCARE FINANCIAL SERVICES, LLC**            **DEFENDANT**

<u>MEMORANDUM OPINION AND ORDER</u>

For the reasons stated below, the Court **grants** Defendant's Motion for Reconsideration [104]. Defendant's Motion in Limine [109] and Motion to Strike [114] are **denied as moot**. The pretrial conference scheduled for Monday, December 1, 2014, is cancelled. The Court will enter a separate judgment.

**I. BACKGROUND**

This case involves claims under the Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C. § 1692 *et seq.* Plaintiff alleges that Defendant called him at his place of employment after it knew or had reason to know that Plaintiff was not permitted to receive such calls, violating 15 U.S.C. §§ 1692c(a)(3) and 1692d. The Court previously denied [102] Defendant's Motion for Summary Judgment [64], *see Wells v. Healthcare Fin. Servs., LLC*, No. 2:13-CV-256-KS-MTP, 2014 U.S. Dist. LEXIS 149395 (S.D. Miss. Oct. 20, 2014), and it now considers Defendant's Motion for Reconsideration [104].

**II. DISCUSSION**

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion . . . under Rule 59(e) or . . . under Rule 60(b). The rule under which the motion

is considered is based on when the motion is filed. If the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). Defendant's Motion for Reconsideration [104] was filed within twenty-eight days of the Court's Memorandum Opinion and Order [102] of October 20, 2014, and Rule 59(e) applies.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* It is "an extraordinary remedy that should be used sparingly." *Id.*

Defendant offers two arguments. First, it argues that the Court misapprehended the evidence and, as a result, mistakenly denied its motion for summary judgment. Second, it argues that the Court erred by deeming Plaintiff's interrogatory responses sufficient to create a genuine dispute of material fact. It is only necessary for the Court to address Defendant's first argument.

### A.     *The Magistrate Judge's Order*

Before the Court proceeds, it must clarify a key issue. The Magistrate Judge previously held:

> . . . Plaintiff will not be permitted to present evidence of any calls from

> defendant unless those calls were disclosed in his interrogatory responses provided after the court's order [75] of July 17, 2014. Plaintiff has agreed that the calls recorded by defendant are accurate. He may rely on those recorded calls to support his claims as well as the "Conversation on July 7 or July 8, 2014" and the "Conversation in August 2013" as described in his supplemental responses to interrogatory no. 4. As he has not disclosed the details for any other calls, he may not present evidence of other calls or rely on any other calls to support his claims. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii).

Order, *Wells v. Healthcare Financial Services, LLC*, No. 2:13-CV-356-KS-MTP (S.D. Miss. Aug. 12, 2014), ECF No. 92. Therefore, the undersigned judge previously noted that although Plaintiff alleges calls on many dates not specifically listed in the complaint, he would only be permitted to "rely on evidence of the calls recorded by Defendant; the alleged call on July 7 or 8, 2013; and the alleged call in late August 2013." *Wells*, 2014 U.S. Dist. LEXIS 149395 at *7 n. 2.

To the extent the Court was previously unclear, it provides the following clarification: pursuant to the Magistrate Judge's sanctions order [92], Plaintiff may not rely on evidence of any calls other than the alleged call on July 7 or 8, 2013; the calls recorded by Defendant; and the alleged call in late August 2013.

## B.  *Evidence of a "Communication" After July 7-8, 2013*

Defendant argues that the Court misunderstood the evidence. Specifically, Defendant notes that every call which occurred after the alleged call of July 7 or 8, 2013, was either initiated by Plaintiff or unanswered. Therefore, Defendant contends that the record contains no evidence of a "communication," as defined by the FDCPA, after July 7 or 8, 2013.

Plaintiff alleges that Defendant called him at his place of employment after it

3

knew or had reason to know that Plaintiff was not permitted to receive such calls, violating 15 U.S.C. §§ 1692c(a)(3) and 1692d. Section 1692c(a)(3) provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of a debt . . . at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

15 U.S.C. § 1692c(a)(3). Section 1692d provides that debt collectors "may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," 15 U.S.C. § 1692d, and some district courts have held that a debt collector can violate Section 1692d by calling a consumer's place of employment after the consumer requests that such calls cease. *See Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1228 (E.D. Cal. 2010); *Pittman v. J.J. McIntyre Co.*, 969 F. Supp. 609, 612 (D. Nev. 1997); *McVey v. Bay Area Credit Serv.*, No. 4:10-CV-359-A, 2010 U.S. Dist. LEXIS 130923, at *5-*7 (N.D. Tex. July 26, 2010).

The record contains evidence [90-8, 104-1] of the following calls:

- June 26, 2013 – Initiated by Defendant; Answered
- July 7 or 8, 2013 – Initiated by Defendant; Answered
- July 24, 2013 – Initiated by Plaintiff
- July 25, 2013 – Initiated by Defendant; Unanswered
- July 25, 2013 – Initiated by Defendant; Unanswered
- July 26, 2013 – Initiated by Plaintiff
- August 20, 2013 – Initiated by Plaintiff

4

- August 22, 2013   –   Initiated by Defendant; Unanswered
- August 23, 2013   –   Initiated by Defendant; Unanswered
- August 26, 2013   –   Initiated by Plaintiff
- Late August 2013   –   Initiated by Plaintiff

As the Court previously noted, *Wells*, 2014 U.S. Dist. LEXIS 149395 at *11, Plaintiff provided a sworn interrogatory response [90-8] in which he stated that on July 7 or 8, 2013, he told Defendant's representative that he was not allowed to receive personal calls at work. According to the evidence, every call that occurred thereafter was either initiated by Plaintiff or went unanswered.

*1.   Calls Initiated by Plaintiff*

A call initiated by the consumer does not violate Section 1692c(a)(3) because he necessarily consented to it. *See* 15 U.S.C. § 1692c(a) ("Without the prior consent of the consumer . . . ."); *Martin v. Select Portfolio Serving Holding Corp.*, 2008 U.S. Dist. LEXIS 16088, at *15-*16 (S.D. Ohio Mar. 3, 2008) (consumer-initiated call did not violate § 1692c(a)(3)). Likewise, a consumer-initiated call does not necessarily violate Section 1962d, which proscribes harassing conduct by debt collectors; in the case of a call initiated by the consumer, the call itself is not conduct of the debt collector. *See* 15 U.S.C. § 1692d (proscribing harassing conduct by the debt collector).[1] Therefore, the calls initiated by Plaintiff – on July 24, July 26, August 20, August 26, and in Late

---

[1] The Court does not rule out the possibility that a debt collector may engage in harassing conduct once on a call initiated by the consumer, but that has not been alleged here. Furthermore, there is no evidence of such conduct.

5

August 2013 – do not violate 15 U.S.C. §§ 1692c(a)(3), 1692d.

    2.    *Unanswered Calls from Defendant*

Section 1692a(2) defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). At least one district court has held that an unanswered call constituted a "communication" under the FDCPA. *Cerrato v. Solomon & Solomon*, 909 F. Supp. 2d 139, 145 (D. Conn. 2012) (unanswered calls were communications under FDCPA because the caller ID indirectly conveyed information regarding a debt). Another court held that an unanswered call did not constitute a "communication" under the FDCPA. *Wilfong v. Persolve, LLC*, 2011 U.S. Dist. LEXIS 71068, at *6-*10 (D. Or. June 2, 2011), *report and recommendation adopted*, 2011 U.S. Dist. LEXIS 71078 (D. Or. June 30, 2011); *see also Worsham v. Acct. Receivables Mgmt.*, 2011 U.S. Dist. LEXIS 134870, at *9 (D. Md. Nov. 22, 2011) (unanswered calls are not "communications" under the FDCPA). Finally, another court split the difference between the two approaches and held that unanswered calls were not "communications" when the plaintiff did not know that the caller was a debt collector, but that later unanswered calls were "communications" because the plaintiff recognized that the caller was a debt collector. *Rush v. Portfolio Recovery Assocs. LLC*, 977 F. Supp. 2d 414, 423 (D. N.J. 2013).

The Court finds the reasoning of the *Wilfong* court persuasive: "Here, . . . there was no message left on plaintiff's telephone. No information regarding a debt was conveyed directly or indirectly to plaintiff by the receipt of an unanswered telephone call . . . . Even with a broad reading of the FDCPA to carry out its purpose, on these

facts, the court concludes that the receipt of an unanswered telephone call does not constitute a 'communication' within the meaning of the FDCPA." *Wilfong*, 2011 U.S. Dist. LEXIS 71068 at *10. Under the FDCPA, a "communication" must "convey[] information regarding a debt directly or indirectly to any person . . . ." 15 U.S.C. § 1692a(2). An unanswered phone call conveys no information regarding a debt. At best, caller identification technology conveys information about the call itself. *See Wilfong*, 2011 U.S. Dist. LEXIS 71068 at *10; *Worsham*, 2011 U.S. Dist. LEXIS 134870 at *9. Regardless, Plaintiff has not identified any evidence showing that the unanswered calls conveyed information regarding a debt. *See Rush*, 977 F. Supp. 2d at 423. Therefore, Defendant's unanswered calls – July 25, August 22, and August 23, 2013 – do not violate 15 U.S.C. §§ 1692c(a)(3), 1692d.

### III. CONCLUSION

For the reasons stated above, the Court **grants** Defendant's Motion for Reconsideration [104]. The Court withdraws its previous opinion to the extent it conflicts with this one. Defendant's Motion in Limine [109] and Motion to Strike [114] are **denied as moot**. The pretrial conference scheduled for Monday, December 1, 2014, is cancelled. The Court will enter a separate judgment.

SO ORDERED AND ADJUDGED this 19th day of November, 2014.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE

7